UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHAIM SPIRA,

                      Plaintiff,

    v.

TRANS UNION LLC, *et. al.*,

                      Defendants.

No. 21-CV-2367 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

    On July 29, 2022, the Court dismissed the instant Action for lack of subject matter jurisdiction. (*See* Dkt. No. 66.) The Court dismissed Plaintiff's claims without prejudice and gave Plaintiff 30 days to file an amended complaint addressing the deficiencies identified in the Opinion & Order. (*See id.* at 13–14.) On September 2, 2022, the Court issued an Order to Show Cause, ordering Plaintiff to show cause by no later than October 3, 2022 as to why Plaintiff's case should not be dismissed for failure to prosecute and warned that failure to show cause could result in dismissal without further notice. (*See* Dkt. No. 67.) To date, Plaintiff has failed to file an amended complaint or show cause as to why his case should not be dismissed. (*See* Dkt.)

    This Court has the authority to dismiss a case for failure to prosecute. *See* FED. R. CIV. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *Id*. Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is "'a harsh remedy that should be utilized only in extreme situations,'" *Mayanduenas v. Bigelow*, 849 F. App'x 308, 310 (2d Cir. 2021) (summary order) (quoting *Lewis v. Rawson*, 564 F.3d 569, 575–76 (2d Cir. 2009)).  Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)); *see also Simmons v. Mason*, No. 17-CV-8886, 2021 WL 1164573, at *2–3 (S.D.N.Y. Mar. 26, 2021) (same).  No single factor is dispositive.  *See Nita v. Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of this Action. Plaintiff was first offered the opportunity to file an amended complaint over two months ago, and was reminded that failure to file an amended complaint or respond to the Court's Orders could result in dismissal.  (*See* Dkt. Nos. 66, 67.)  Plaintiff has failed to comply with these Orders, even after an additional extension of the deadline.  (*See* Dkt.)  Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute.  *See Wood v. Byrd*, No. 16-CV-8142, 2021 WL 4311346, at *2 (S.D.N.Y. Sept. 21, 2021) (dismissing case for failure to prosecute after the plaintiff failed to comply with three separate orders to file an amended complaint, even after extensions of time); *DeJesus-Vasquez v. Bethencourt*, No. 19-CV-967, 2021 WL 3540553, at *2

(S.D.N.Y. Aug. 10, 2021) (dismissing case for failure to prosecute where the plaintiff "was instructed at least five times that a failure to file an amended complaint or to show cause as to why this case should not be dismissed may result in dismissal," and failed to do so).

    The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff, and to close this case.

SO ORDERED.

Dated:   October 5, 2022
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge